# EXHIBIT A

## Summons and Complaint

Jun. 10. 2017  7:45AM                                                              No. 0925   P. 7

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 17-007088-NO Hon. Susan L. Hubbard |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                Court Telephone No. 313-224-5183

| Plaintiff | v | Defendant |
|---|---|---|
| Lust, Kimberly | | Plummer, James |
| **Plaintiff's Attorney** | | **Defendant's Attorney** |

**SUMMONS**  NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 5/10/2017 | 8/9/2017 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

6/2/17                David A Robinson (R38754) w/p
Date                  Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

## STATE OF MICHIGAN
## CIRCUIT COURT FOR WAYNE COUNTY

Kimberly Lust,

    Plaintiff,

Case No. NO
Hon.

James Plummer and Gideon Paetz,
in their individual and official capacities,
Jointly and severally,

    Defendants.

17-007088-NO

FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/10/2017 8:29:06 AM
CATHY M. GARRETT

**THOMAS E. KUHN (P37924)**
Attorney for Plaintiff
615 Griswold, Ste. 515
Detroit, MI 48226
tekuhn@aol.com

**DAVID A. ROBINSON (P38754)**
Co-Counsel for Plaintiff
28145 Greenfield Road, Suite 100
Southfield, Michigan 48076-7116
(248) 423-6677
davidrobinsonlaw@gmail.com

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

        /s/ Thomas E. Kuhn
        Thomas E. Kuhn (P37924)

**NOW COMES** the Plaintiff, through her attorneys, and for her complaint against the defendants says as follows:

## PARTIES

1. At all pertinent times, Plaintiff Kimberly Lust was a resident of Wayne County, and a citizen of the State of Michigan.

2. Defendants James Plummer and Gideon Paetz (hereafter Individual Officers) were citizens of the State of Michigan, and at all pertinent times worked and were employed in Wayne County, and are sued in their individual and official capacities.

3. Michigan State Police (MSP) was the employers of Defendants at the time of this incident.

4. Plaintiff's vehicle was towed to B&G Towing on Lynch Rd., Detroit, MI

## JURISDICTION and VENUE

5. Individual Officers were at all pertinent times employed as police officers and were, always pertinent, acting under color of state law and pursuant to customs, policies and practices of the MSP.

6. The Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

7. The actions giving rise to this complaint arose entirely within Wayne County, Michigan on and after February 13, 2015.

8. The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

9. On February 13, 2014, Plaintiff was driving a car in the city of Detroit, MI. when she got stuck in a snow bank.

10. Individual Officers stopped her, dragged her from her car, took her car, and wrongfully ticketed her and charged her with various felonies.

11. Individual Officers ticketed Plaintiff, and assaulted and battered Plaintiff, using excessive force including strip searches against her.

12. The amount of force used against Plaintiff was totally unnecessary based on the totality of the circumstances.

13. Individual Officers made false reports and accusations against Plaintiff.

14. The false reports, and accusations were a retaliation for Plaintiff's exercise of his clearly established 1st and 4th Amendment Constitutional rights.

15. Individual Officers brought charges against Plaintiff and she was ticketed and her vehicle was seized.

16. Plaintiff's Constitutional rights not to be wrongfully searched, seized, charged, maliciously prosecuted and subjected to excessive force were clearly established.

17. Based upon the fabricated and false information, Individual Officers seized Plaintiff's vehicle and charged Plaintiff on charges that contained totally false and fabricated information.

18. Individual Officers acted in bad faith in stopping, entering and searching her car, seizing, prosecuting, assaulting and battering Plaintiff.

19. Except for the improper conduct, false information, and the fabrication of evidence by Individual Officers, no probable cause existed to charge Plaintiff with anything.

20. The conduct of MSP:
    a. Established or condoned customs, policies and/or practices pursuant to which Individual Officers violated Plaintiff's well-established Constitutional rights;
    b. Failed to properly train, discipline and/or supervise Individual Police Officers or their supervisors such that they violated Plaintiff's well-established Constitutional rights;
    c. Denied Plaintiff fair treatment during the investigation; and,
    d. Ratified, condoned and/or permitted the conduct of Individual Police

Officers;

21. The conduct of the Individual Officers:

   a. Denied the Plaintiff's right to both procedural and substantive due process;

   b. Fabricated evidence to create probable cause against Plaintiff;

   c. Retaliated against Plaintiff for exercise of her 1st Amendment rights;

   d. Withheld exonerating evidence from the prosecutors and courts;

   e. Used excessive force in the arrest of Plaintiff;

   f. Caused and maintained a false arrest, false imprisonment; and,

   g. Constituted unlawful entry, search and seizure.

22. As a direct and proximate result of the Individual officers' conduct, the Plaintiff suffered injuries and damages including, but no limited to:

a. Loss of liberty;

b. Loss of earning capacity;

c. Loss of society and companionship;

d. Fear, anxiety, humiliation; and shame, pain and suffering;

e. Emotional distress; and

f. Cost of towing charges and other past and future economic damages.

## COUNT I
## USC §1983

23. Plaintiff re-alleges all prior paragraphs.

24. The Individual Officers' actions were done in their individual capacities, and under color of state law.

25. The Individual Officers' actions were taken pursuant to customs, policies and practices of the Defendant city and/or they were ratified, condoned, permitted or acquiesced in by those who make policy in that Police department.

26. The Individual Officers' actions violated clearly established rights of the Plaintiff including but not limited to:

   a. The right to be free from unlawful entry/search of her vehicle, and unlawful seizure and search of her person and property (4th Amendment);

   b. The right to be free from retaliation for protected speech (1st Amendment);

   c. The right to have prosecutors and magistrates given all exculpatory evidence (4th and 14th Amendments);

   d. The right to have witnesses whose testimony has not been created by suborned perjury or falsifications (4th and 14th Amendments);

   e. The right to be free from malicious prosecution and continued prosecution, all without probable cause (1st, 4th and 14th Amendments);

   f. The right to have evidence presented against her that is not fabricated (4th and 14th Amendments);

   g. The right to procedural and substantive due process and fair treatment during investigation (4th and 14th Amendments);

27. Individual Officers' actions were done pursuant to customs, policies and/or practices of the MSP, which was deliberately indifferent in the training, discipline and supervision of its supervisors and officers.

28. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 22.

   **WHEREFORE**, the Plaintiff demands judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT II:
## WRONGFUL SEARCH, ARREST AND IMPRISONMENT

29. Plaintiff hereby re-alleges and incorporates herein by reference all of the Paragraphs, as though the same were fully set forth herein word for word.

30. Individual Officers were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

31. The minor decision making involved in Individual Officers' actions at all times relevant hereto were merely incidental to the execution of said Individual Officers' ministerial-operational duties.

32. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law, by Individual Officers.

33. At all times relevant hereto, Individual Officers failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a. to act in good faith while stopping, searching and arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false or misleading information and omissions;

    b. to act in good faith, while stopping, searching, arresting and detaining Plaintiff based on knowingly, recklessly and/or grossly negligently false or misleading information and omissions;

34. Notwithstanding these duties, Individual Officers, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of the Michigan laws, by acting in bad faith and engaging in ultra vires conduct.

35. Notwithstanding these duties, Individual Officers knowingly failed to fulfill their ministerial duties while on duty and acting in the course of their employment and/or

authority, under color of law and pursuant to customs, policies and/or practices, falsely arrested and imprisoned Plaintiff, in bad faith.

36. Notwithstanding these duties Individual Officers deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill his ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a. by wrongfully stopping, searching, arresting and detaining, Plaintiff without probable cause, based on knowingly, recklessly and/or grossly negligently false or misleading information and omissions provided by Defendants.

37. As a direct and a proximate result of Individual Officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff was injured.

38. As a direct and a proximate result of Individual Officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph

**WHEREFORE**, Plaintiff claims judgment against Individual Officers in the amount in excess of Twenty-five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of her cause by jury.

/s/ Thomas E. Kuhn
David A. Robinson (P38754)
THOMAS E. KUHN (P37924)
Attorneys for Plaintiff

Dated: May 3, 2017